# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Khari Varner, et al., | Case No.: 2:24-cv-00537-JAD-DJA |
| Plaintiffs | |
| v. | **Order Denying Plaintiff's Emergency Ex Parte Motion** |
| Sawnte Strawter, et al., | [ECF No. 7] |
| Defendants | |

Pro se plaintiffs Khari Varner and Tera Strawter sue Sawnte Strawter and Toi Bradley for civil conspiracy arising from a child-custody situation.[1]  The operative complaint awaits screening, but in the meantime Varner has filed an "emergency ex parte motion" attempting to invoke "the 60 Rule, Fraud upon the court."[2]  He contends that he and Tera[3] were "denied due process of law" when Clark County's Division of Family and Child Services and their attorneys "coerced [them] into pleading no contest" by taking their daughter and telling them that "the quickest way to get [their] child back was to plead."[4]  Varner recites several facts about the various actions of Bradley and sundry other people who are not named in the plaintiffs' operative complaint.[5]  And he claims that the District Attorney's office filed "fraudulent non-conforming

---

[1] *See* ECF No. 1-1.  Plaintiffs have filed two additional complaints alleging other facts against other defendants.  *See* ECF Nos. 4 and 5.  As the magistrate judge previously held, those complaints will not be considered in this case.  *See* ECF No. 6.

[2] ECF No. 7.

[3] Because Tera shares a last name with a defendant, I refer to her by her first name for clarity's sake.  No disrespect is intended by doing so.

[4] ECF No. 7 at 4.

[5] *Id.* at 6.

documents" in some proceeding that took place in state court and asks the court to "invoke Rule 60, so [the plaintiffs] can have a fair trial."[6]

Varner's motion is difficult to parse, but it appears that he is asking the court to intervene somehow in his state-court proceedings. I take his reference to Rule 60 to invoke Federal Rule of Civil Procedure 60, which provides grounds for when a party can seek relief from a judgment.[7] But that rule applies to proceedings in federal court; it does not give federal courts the power to overturn a state-court judgment, relieve a party from complying with state-court orders, or compel a state-court judge to do something.

To the extent that Varner seeks some kind of injunction to force the state court to retry his case, this court cannot grant that relief. The matter that Varner appears to complain of— being coerced into pleading no contest to some crime—wasn't raised in his operative complaint. "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."[8] The relief Varner wants is directed toward the Eighth Judicial District Court's Family Division, the Clark County Division of Family Services, and the district-attorney's office. None of those entities are named in the operative complaint.[9] Nor does the complaint discuss any criminal proceedings against Varner. Because Varner's request is based on new assertions of misconduct by non-parties, I must deny his motion.[10]

---

[6] *Id.* at 5.

[7] Fed. R. Civ. P. 60.

[8] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

[9] *See* ECF No. 1-1 (naming only Sawnte Strawter and Toi Bradley as defendants).

[10] It appears that Varner seeks this relief on his and his co-plaintiff Tera's behalf. But pro se litigants can only represent themselves; they cannot file motions on another pro se litigant's behalf. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se . . . is personal to the litigant and does

Varner also filed this motion on an ex parte basis, meaning it is not served on any opposing parties and remains sealed on the public docket.  "An ex parte motion or application must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis."[11]  Varner does not provide any such rule or explain why this motion must be filed without notice to the defendants in this action.  I thus order that the Clerk of Court unseal Varner's motion.

**Conclusion**

IT IS THEREFORE ORDERED that Khari Varner's emergency ex parte motion **[ECF No. 7] is DENIED**.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to UNSEAL ECF No. 7**, as it is not a proper ex parte motion.

U.S. District Judge Jennifer A. Dorsey
May 6, 2024

---

not extend to other parties or entities.").  If the plaintiffs wish to seek relief that affects both of them, both plaintiffs must sign the motions that they file.

[11] Local Rule (LR) IA 7-2(b).